IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEREK M. BELL,
Inmate No. B06472,
    Plaintiff,

vs.                                       Case No.: 5:18cv152/MCR/EMT

L. NEEL, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This cause is before the court on Plaintiff's filing titled "Temporary Restraining Order" (ECF No. 7), which the court construes as a motion for such. Plaintiff initiated this action by filing a civil rights complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 against officials at Apalachee Correctional Institution where he is incarcerated.

The court has yet to review Plaintiff's complaint as required under 28 U.S.C. § 1915(e)(2)(B) because only recently has the court determined that Plaintiff is able to proceed in forma pauperis in this action (ECF No. 5). Cursory review reveals that Plaintiff alleges that he has received improper treatment for his mental health condition, which may have become manifest when Plaintiff attempted to light a fire in his cell, which resulted in chemical agents being used upon him and in his

placement under suicide watch in a cell with steel doors. Plaintiff identifies twenty-nine Defendants.

In the instant motion, Plaintiff claims he was told by Defendants to light a fire in his cell in order to gain a transfer to another cell, then he was sprayed with a fire extinguisher when he made the attempt. Plaintiff states he was put in a glass cell with poor ventilation and 80-degree temperature. He states he was denied medications for his mental health, or rather that his medications were given to him crushed up in an effort to trick him into taking an increased dosage which would kill him. He claims he has been deprived of his legal materials and his Bible and that he has sustained injuries to his back, neck, feet, shoulders, ribs, face, arms, and eyes, in addition to emotional anguish, rage, and anger.

As relief, Plaintiff wants: 1) to be provided access to his legal materials; 2) to have access to medical treatment, including for his back, neck, feet, shoulders, ribs, face, arms, and eyes, and medication for his depression; and 3) to prevent Defendants from using chemical agents upon him.

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *See* Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994).

The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See* <u>Carillon Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). The district court, however, must exercise its discretion in light of whether:

1. There is a substantial likelihood that Plaintiff will prevail on the merits;

2. There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to Plaintiff outweighs the threatened harm an injunction will do to the defendant; and

4. The granting of the preliminary injunction will not disserve the public interest.

*See* <u>CBS Broad., Inc. v. Echostar Communc'n Corp.</u>, 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); <u>Carillon Imp., Ltd.</u>, 112 F.3d at 1126. "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." <u>CBS Broad., Inc.</u>, 265 F.3d at 1200 (citation omitted). Because the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed, the relief sought in the motion must be closely related to the conduct complained of in the actual

complaint. Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab., 72 F.3d 842, 842–43 (11th Cir. 1995).

Plaintiff's allegations do not provide a basis for granting injunctive relief. He provides only the broad, conclusory statements identified above in support of his motions. Absent are any indication as to what legal proceedings to which progress is being thwarted as a consequence of his lack of access to his legal materials. He does not identify the medications or any other treatment that is not being provided for him (or that is being provided, but not in a form he states is proper), although he does acknowledge that he was put in a cell for suicide watch. Other than simply making a listing of his physical injuries, he does not describe his injuries, their nature or extent, what treatment is not being provided, and how any lack of treatment is exacerbating his condition. And last, he does not describe how he is in any present danger of being sprayed with chemical agents, other than his unsupported statement that certain Defendants might want to retaliate against him.

Especially at this stage or the litigation where the court has not been able to review the complaint and where Plaintiff's claims remain unsupported and conclusory, granting the injunction would require the federal courts to interfere in the administration of the Department of Corrections and take over the management or treatment of a single inmate. Despite Plaintiff's many unsupported complaints, he appears to have been placed into housing that accommodates his mental health issues and possible suicidal state. Federal courts should normally be reluctant to interfere with matters of internal prison administration since they are ill-equipped to do so. Procunier v. Martinez, 416 U.S. 396, 404–05, 94 S. Ct. 1800, 1807, 40 L. Ed. 2d 224 (1974), *overruled on other grounds,* Thornburgh v. Abbott, 490 U.S. 401, 109 S. Ct. 1874, 104 L. Ed. 2d 459 (1989); Sandin v. Conner, 515 U.S. 472, 482, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995); Newman v. Alabama, 683 F.2d 1312, 1320 (11th Cir. 1982). Therefore, his request for injunctive relief should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's construed motion for preliminary injunctive relief (ECF No. 7) be **DENIED**.

At Pensacola, Florida, this 24<u>th</u> day of July 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**